IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY M. AHNERT, M.D. | : CIVIL ACTION |
| | : |
| v. | : NO. 24-2561 |
| | : |
| LEHIGH VALLEY HEALTH NETWORK | : |

## MEMORANDUM

**SCHMEHL, J.**                                                                                   **JUNE 25th, 2025**

Plaintiff, a former cardiologist for Defendant Lehigh Valley Health Network ("LVHN") brought this action against LVHN, asserting claims for gender discrimination in compensation under the Lilly Ledbetter Fair Pay Act (Count One), gender discrimination based on disparate treatment under Title VII (Count Two), hostile work environment under Title VII (Count Three), retaliation under Title VII (Count Four) and constructive discharge (Count Five). LVHN filed a motion to dismiss the entire Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court heard oral argument on the motion. The Court denied the motion to dismiss without prejudice and directed the Plaintiff to file an Amended Complaint attempting to rectify, within the strictures of Rule 11, the defects to the original Complaint raised by defense counsel during the oral argument. [ECF 23.] Plaintiff subsequently filed an Amended Complaint. LVHN filed a Rule 12(b)(6) motion to dismiss Counts Three through Five of the Amended Complaint as well as to strike certain discrete acts that occurred prior to May 12, 2023 as time-barred.

1

In a Memorandum dated April 24, 2025, the Court granted the motion in part and denied the motion in part. Specifically, the Court dismissed Counts Three and Five of the Amended Complaint with prejudice, permitted Counts One, Two and Four to proceed albeit with certain limitations in Count Four and struck Plaintiff's claims based on discrete acts that occurred before May 12, 2023. [ECF 36, 37.] Presently before the Court is the Plaintiff's motion for reconsideration of the portion of the Court's Memorandum partially dismissing Count Four and completely dismissing Count Five. For the reasons that follow, the motion will be granted in part and denied in part.

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.1(g). The standard for granting a motion for reconsideration is stringent, and can only be satisfied in one of three ways: 1) when there is new evidence not previously available; 2) where there has been an intervening change in controlling law; or 3) where there has been a clear error of law that needs to be corrected to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Brunson v. Arbitron*, 246 F. Supp. 2d 446, 446-47 (E.D. Pa. 2003). The Court will not grant a motion for reconsideration merely because a party is dissatisfied with the Court's ruling, nor will it reconsider repetitive arguments or arguments that could have previously been asserted. *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). It "is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through-rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

Plaintiff argues that the Court committed a clear error of law when it failed to recognize and consider Plaintiff's claim for hostile work environment based on

retaliatory harassment. According to Plaintiff, had the Court done so, it could have applied the continuing violation doctrine to conceivably aggregate any alleged untimely non-discrete acts of retaliation that occurred prior to May 12, 2023 with alleged timely acts of retaliation that occurred after May 12, 2023, thereby creating a complete chain of events in support of a claim for hostile work environment based on retaliatory harassment.

To be sure, our Court of Appeals has recognized a claim for hostile work environment based on retaliatory harassment. *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006); see also *Smith v. RB Distribution, Inc.*, 498 F.Supp. 3d 645, 661 (E.D. Pa. 2020). However, Plaintiff has not asserted a claim for hostile work environment based on retaliatory harassment anywhere in her Amended Complaint.

In Count Three of her Amended Complaint, Plaintiff asserted a claim for hostile work environment under Title VII, in pertinent part, as follows:

> 126. Dr. Plaintiff Ahnert repeats and realleges the previous paragraphs as though set forth at length herein.
>
> 127. Defendant LVHN has subjected Dr. Plaintiff Ahnert to severe and pervasive conduct because of Dr. Plaintiff Ahnert's **gender**.
>
> 128. Defendant LVHN's discrimination and harassment of Dr. Plaintiff Ahnert has been carried out by supervisors with supervisory authority to control the work environment at Defendant LVHN. These supervisors have utilized their authority to create a hostile work environment.
>
> 129. The hostile work environment caused by Defendant LVHN consisted of, inter alia, unequal pay, being passed over for certain positions and/or promotions and being excluded from certain opportunities and events, **all based on her gender.**

> 130. Defendant LVHN's hostile work environment is egregious, willful and wanton, and in reckless disregard of Dr. Plaintiff Ahnert's rights.

ECF 26 at ¶¶126-130. (emphasis added.)

As can be seen by the allegations, this Count is asserting a claim for a hostile work environment based solely on sex/gender. Conspicuously absent from these allegations is any specifically written claim for hostile work environment based on "retaliatory harassment." Although Count Three alleges the words "discrimination and harassment," there is a significant difference between a discriminatory harassment claim and a retaliatory harassment claim. Following the Supreme Court's decision in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006), a plaintiff asserting a claim for a hostile work environment based on gender must show, *inter alia*, conduct that is severe and pervasive enough to create an objectively hostile work environment, while a plaintiff asserting a claim for hostile work environment based on retaliatory harassment need only show, *inter alia*, that the conduct is materially adverse, i.e. it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See also Moore v. City of Philadelphia*, 461 F. 3d 331, 341-42 (3d Cir. 2006).

In Count Four of her Amended Complaint, Plaintiff asserted a claim against LVHN for retaliation under Title VII, in pertinent part, as follows:

> 133. Dr. Plaintiff Ahnert repeats and realleges the previous paragraphs as though set forth at length herein.
>
> 134. Dr. Plaintiff Ahnert engaged in protected activity when she repeatedly complained and objected to Defendant LVHN's discriminatory acts and practices.

4

> 135. Defendant LVHN retaliated against Dr. Plaintiff Ahnert and sought to dissuade her from pursuing her complaints and objections.
>
> 136. Defendant LVHN's retaliatory actions contributed to an intolerable working environment.

ECF 26 at ¶¶ 133-136.

While these allegations may allege a claim for retaliation in general, they fail to assert a separate claim for "retaliatory harassment."

Ironically, in *Smith*, *supra*, the primary case Plaintiff relies on in support of her contention that the Court failed to consider her alleged claim for retaliatory harassment, the Plaintiff properly specifically pled a claim for retaliatory harassment as part of her hostile work environment Count, in pertinent part, as follows:

> 125. Additionally, The Third Circuit recognizes a hybrid cause of action for **hostile work environment based on retaliation**, holding that the retaliation provision of Title VII "can be offended by harassment that is severe or pervasive enough to create a hostile work environment." *Jensen v. Potter*, 435 F.3d 444, 446 (3d Cir. 2006).
>
> 126. Here, Defendants' conduct occurred because of Plaintiff's legally protected characteristics and was severe or pervasive enough to make a reasonable person of the same legally protected classes believe that the conditions of employment were altered and that the working environment was intimidating, hostile, or abusive.
>
> 127. The sexually harassing conduct directly refers to Plaintiffs' sex and gender traits and the **retaliatory harassing conduct refers directly to Plaintiffs' protected activity.**
>
> 134. Additionally, Defendants are liable for a **retaliatory hostile work environment** because Defendants reprimanded Plaintiff unnecessarily, subjected her to overly harsh discipline, and failed to investigate her claim properly with the intent to harass or intimidate her as a result of having

> engaged in protected activity in the hope that Plaintiff would decide to leave her employment.

*Smith v. RB Distribution, Inc.*, C.A. 20-900, ECF 11 (emphasis added.)

As noted above, Plaintiff failed to make any such allegations in her Amended Complaint. Since this action is basically still at the pleading stage, with very little discovery having taken place, the Court will permit the Plaintiff to file a motion for leave to file a second amended complaint adding solely a claim for a hostile work environment based on retaliatory harassment. Defendant may then file an appropriate response to such a motion.

Turning to Plaintiff's constructive discharge claim in Count Five, Plaintiff made the following allegations, in pertinent part:

> 140. As detailed herein, Defendant LVHN discriminated and retaliated against Dr. Plaintiff Ahnert on account of her gender.
>
> 141. Dr. Plaintiff Ahnert's complaints of the discriminatory treatment to Defendant LVHN's upper managers went unrectified.
>
> 142. As detailed herein, Dr. Plaintiff Ahnert was subjected to intolerable working conditions, including being marginalized at Defendant LVHN and being subject to discriminatory treatment with respect to economic opportunities and expectations.
>
> 143. As a result of these intolerable working conditions, Dr. Plaintiff Ahnert was constructively discharged from employment.

ECF 26 at ¶¶140-143.

Based on these allegations, the Court treated the claim as one asserting a claim for hostile environment constructive discharge. The Court noted that in order "[t]o

6

prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." *Spencer v. Wal–Mart Stores, Inc.,* 469 F.3d 311, 317 n. 4 (3d Cir.2006). Since the Court already determined that Plaintiff failed to allege a level of severity and pervasiveness to make out a claim for a hostile work environment in Count Three, it followed that Plaintiff could not establish a claim for hostile environment constructive discharge.

In her motion for reconsideration, Plaintiff argues that she was not in fact asserting a claim for constructive discharge based on hostile work environment but was asserting a claim for constructive discharge based on a "pattern of retaliatory harassment coupled with her repeated unaddressed complaints of discrimination to all levels of management over nearly a two-year period." ECF 39-1 at p. 12.

To establish a constructive discharge, Plaintiff must show that "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1084 (3d Cir.1996). An employee's subjective perceptions of unfairness or harshness do not govern a claim of constructive discharge. *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1083 (3d Cir.1992). Instead, the focus is on the reasonable person, *Clowes v. Allegheny Valley Hospital,* 991 F.2d 1159, 1162 (3d Cir.1993), and courts employ an "objective test to determine whether an employee can recover on a claim of constructive discharge." *Duffy v. Paper Magic Group,* 265 F.3d 163, 167 (3d Cir. 2001). In determining whether an employee was forced to resign, the Court considers a number of factors, including whether the employee was threatened with

7

discharge, encouraged to resign, demoted, subject to reduced pay or benefits, involuntarily transferred to a less desirable position, subject to altered job responsibilities, or given unsatisfactory job evaluations. *Clowes*, 91 F. 2d at 1161.

Although Plaintiff does not allege in her Amended Complaint that she was ever threatened with discharge, encouraged to resign, demoted, involuntarily transferred to a less desirable position, subject to altered job responsibilities or given unsatisfactory job evaluations, the Court recognizes that another Judge on this Court has stated that these factors are only to be assessed at the summary judgment stage and not at the pleading stage. *Gross v. Hatboro-Horsham School District*, 2023 WL 4867423 at * 8 (E.D. Pa. July 31, 2023) (Quinones, J.) The Court also notes that Plaintiff did allege that her superiors at LVHN repeatedly failed to address her complaints of pay discrimination based on gender and failed to promote her on multiple occasions. She further alleged that Dr. Freudenberger told her that she did not have to continue in her position as a Practice Leader if she did not want to, her office was cleared out while she was on leave to make room for Dr. Elgin, she was disinvited from the LVHN Heart and Vascular Institute formal reception and she was the only doctor in the department targeted for a retroactive pay decrease. As a result, Plaintiff claims she "did not see any future for herself and under the current leadership of Dr. Freudenberger and Dr. Elgin and that she did not feel safe or comfortable because of their prior conduct and unfulfilled promises to address and fix her complaints." ECF 39-1, at p. 12.

Given the admonition by our Court of Appeals that constructive discharge claims are fact-sensitive and should not be dismissed in a 12(b)(6) motion especially where, as here, there are well-pled and detailed allegations, the Court finds that Plaintiff

has plausibly alleged, at this stage, facts sufficient to show that a reasonable factfinder would find that the Defendant permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign. *Hill v. Borough of Kutztown*, 455 F.3d 225, 232-33 n.7 (3d Cir. 2006); see also *Niehoff v. SPS Techs., Inc.*, 2016 WL 6648618, at *5 (E.D. Pa. Nov. 10, 2016) (noting that "[i]t is not appropriate for the court to delve into such a 'fact-intensive question' on a motion to dismiss under Rule 12(b)(6)"). Accordingly, the Court will reinstate Count Five of the Amended Complaint.

An appropriate Order will be filed to accompany this Memorandum.