**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMY M. AHNERT,<br>Plaintiff,<br><br>v.<br><br>LEHIGH VALLEY HEALTH NETWORK,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:24-cv-02561-JLS |

# MEMORANDUM

**SCHMEHL, J. -** */s/ JLS* **OCTOBER 9, 2026**

The Court has already ruled that certain discrete acts that occurred prior to May 12, 2023, including Defendant's failure to promote Plaintiff to the Position of Chief Cardiologist in 2019, are time-barred. [ECF 37]. Plaintiff seeks to serve a *Subpoena Duces Tecum* and *Ad Testificandum* to testify at a deposition on a non-party to this action, "Grant Cooper, A Diversified Search Company, Healthcare Practice" ("Cooper"). Plaintiff also demands that Cooper produce certain documents, including all communications from January 1, 2019 through December 31, 2020 between Cooper and the Defendant regarding 1) the Chief of Cardiology position; 2) the interview and candidate selection process for the Chief of Cardiology position; 3) search committee documents regarding the search for such position, including committee meeting agendas, minutes, notes or determinations; 4) any position that Plaintiff applied for or sought with Defendant based on communications between Cooper and Plaintiff; 5) the results or determinations made by Cooper on connection with the search for Defendant's Chief of Cardiology position. ECF 79-1, p. 4. Defendant opposes the Plaintiff's request on the basis that Plaintiff's failure to promote to the Chief of Cardiology position claim has already been dismissed from the case and

the discovery Plaintiff seeks goes way beyond any permissible background information regarding the failure to promote claim.

Plaintiff first asserts that she is entitled to the requested deposition and production of documents as background information to provide context to her timely claims.

"[P]rior acts that are not actionable because they are time-barred may still be cited as background evidence in support of a timely claim." *Titus-Morris v. Banc of Am. Card Servicing Corp.*, 512 F. App'x 213, 217 (3d Cir. 2013) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Such "background evidence," may be utilized to "establish[ ] the discriminatory nature of the timely claims" by showing "motive [or] intent." *Mavrinac v. Emergency Med. Ass'n of Pittsburgh* 2007 WL 2908007, at *12 (W.D. Pa. Oct. 2, 2007) (citing *Morgan*, 536 U.S. at 113).

However, as detailed above, Plaintiff seeks to depose Cooper and request production of documents from Cooper regarding Plaintiff's time-barred claim of failure to promote her to the Position of Chief Cardiologist in 2019 as if that claim were still actionable. And Plaintiff's proposed subpoena seeks information that far exceeds what is necessary to provide background context.

Plaintiff also argues that she needs the requested information from Cooper in order to satisfy the subjective and objective requirements for a prima facie case of retaliation. Specifically, Plaintiff argues that if she can "show [Defendant] was not credible about the promotion procedure, lacked a credible promotion process, and/or selected a less qualified candidate, then it supports objective reasonableness of her discrimination complaints about those promotions." ECF 79, p. 2.

Although a plaintiff in a retaliation case "need not prove the merits of the underlying discrimination complaint," she must have "act[ed] under a good faith, reasonable belief that a violation existed." *Moore v. City of Philadelphia,* 461 F.3d 331, 344 3d Cir. 2006) (quoting *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1085 (3d Cir.1996)). This standard requires both a good faith belief and an

"objectively reasonable belief" that the activity the plaintiff opposed constituted unlawful discrimination under the relevant statute. *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 322 (3d Cir.2008) (quoting *Moore,* 461 F.3d at 341).

Again, Plaintiff may cite or refer to her claim of failure to promote to the role of Chief Cardiologist to establish she held an "objectively reasonable, good faith belief" that the activities she opposed constituted unlawful discrimination. For example, she may cite to allegations in her Second Amended Complaint ("SAC") that "Dr. Ahnert was one of two final candidates for the position," SAC at ¶ 30, that "LVHN left the position vacant" after Plaintiff was not selected for the position so that Defendant could hire a male Chief Cardiologist, SAC at ¶¶ 31, 33, and that "LVHN advised that it would not fill the role of Chief of Cardiology." even though Plaintiff "continued to oversee the group." SAC at ¶ 39. However, she may not engage in full blown discovery on that claim because it has been dismissed as time-barred. In any event, the post-discovery record contains plenty of evidence from timely claims from which a jury can assess whether Plaintiff's good faith belief that the underlying actions she opposed constitute unlawful discrimination under Title VII was reasonable.

Finally, Plaintiff argues that she needs the requested deposition and production of documents from Cooper in order to order to establish pretext for her retaliation claim. *See e,g, Carter v. Three Springs Residential Treatment*, 132 F.3d 635 (11th Cir. 1998). The Court agrees with Defendant that the pretext standard outlined in *Carter* is only relevant if the failure to promote claim is itself actionable. Here, however, the Court has already ruled that the failure to promote claim is time-barred and, therefore, not actionable. Therefore, *Carter* is not applicable.

For the foregoing reasons, Plaintiff's request to serve a third-party subpoena on Grant Cooper, A Diversified Search Company, Healthcare Practice is denied.